Fred M. Shanks
389 Sedona Dr
Colorado Springs, CO 80921
Pro Se

UNITED STATES BANKRUPTCY

COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED M SHANKS,<br><br>        Plaintiff,<br><br>    vs.<br><br>CELSIUS NETWORK LLC, *ET AL.,*[1]<br><br>    v.<br><br>CELSIUS NETWORK LLC;<br>CELSIUS KEYFI LLC;<br>CELSIUS LENDING LLC;<br>CELSIUS MINING LLC;<br>CELSIUS NETWORK INC.; )<br>CELSIUS NETWORK LIMITED;<br>CELSIUS NETWORKS LENDING LLC;<br>and CELSIUS US HOLDING LLC.<br><br>        Defendants | Chapter 11<br><br>Case No.: 22-10964 (MG)<br>   (Jointly Administered.)<br><br>ADV. PRO. NO. 22-_____ (MG) |

**TABLE OF AUTHORITIES**
**CASES**

*See Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 135-36 (1962).
*Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

ADV. PRO. NO. 22-_____ (MG) - 1

*In re Roblin Indus., Inc.*, 78 F.3d 30, 39-41 (2d Cir. 1996) (quoting *In re Tolona Pizza Products Corp.,* 3 F.3d 1029 (7th Cir.1993).
*Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V.*, 651 F.3d 329 (2d Cir. 2011).
*Owens v. Taliban*, 2022 WL 1090618, at *2 (S.D.N.Y. Apr. 11, 2022).
*TAGC Mgmt., LLC v. Lehman,* 842 F. Supp. 2d 575, 586 (S.D.N.Y. 2012).
*Musket Corp. v. PDVSA Petroleo S.A.*, 512 F.Supp.2d 155, 160 (S.D.N.Y.2007).
*Katz Agency, Inc. v. The Evening News Association*, 514 F.Supp. 423, 429 (S.D.N.Y.1981)).
*Moran v. Arcano*, No. 89 Civ. 6717(CSH), 1990 WL 96761, at *2 (S.D.N.Y. July 3, 1990).
*Bally Total Fitness*, 402 B.R. at 624.
*In re Motors Liquidation,* 2010 WL 4630327..
*In re New York Classic Motors, LLC,* 2021 WL 2285440, at *5 (Bankr. S.D.N.Y. June 4, 2021).
*In re Rodgers*, 333 F.3d 64 (2d Cir. 2003).
*Lyon v. Contech Constr. Prods., Inc. (In re Computrex, Inc.)*, 403 F.3d 807 (6th Cir. 2005).
*In re Munroe*, 183 B.R. 667 (Bankr. D.R.I. 1995).
*JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 803, 893 N.Y.S.2d 237 (2d Dep't 2010).
*Furia v. Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12, 13 (2d Dep't 1986).
*Golden v. Guardian (In re Lenox Healthcare, Inc.)*, 343 B.R. 96, 100 (Bankr. D. Del. 2006).
*In re S.W. Bach & Co.*, 435 B.R. 866, 878 (Bankr. S.D.N.Y. 2010)..
*MCZ, Inc. v. Andrus Res., Inc. (In re MCZ, Inc.)*, 82 B.R. 40, 42 (Bankr. S.D. Tex. 1987).
*In re Columbia Pac. Mortg., Inc.*, 20 B.R. 259, 262–64 (Bankr. W.D. Wash. 1981).
*In re Apollo Air Passenger Computer Reservation Sys. (CRS)*, 720 F. Supp. 1068, 1076 (S.D.N.Y. 1989).
*In re Timbers of Inwood Forest,* 484 U.S. 365, 375-76 (1988))).
*In re Thomas*, No. 14-11738 (MG), 2017 WL 123746, at *2 (Bankr. S.D.N.Y. Jan. 5, 2017)
*In re Ehrenfeld,* 2020 WL 5758819, at *3 (S.D.N.Y. Sept. 28, 2020).
*Khan v. Citibank*, No. CV PX 16-3121, 2017 WL 2311185.
*In re Richmond*, 513 B.R. 34, 41 (Bankr. E.D.N.Y. 2014).
*In re Drexel Burnham Lambert Grp., Inc.*, 142 B.R. 633, 637 (S.D.N.Y. 1992).
*In re Mizuno*, 288 B.R. 45, 49–50 (Bankr. E.D.N.Y. 2002).
*In re Residential Cap., LLC*, 2015 WL 1281960, at *3 (Bankr. S.D.N.Y. Mar. 18, 2015).
*In re Schick*, 234 B.R. 337, 343 (Bankr. S.D.N.Y. 1999).
*In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004).
*In re Grubb & Ellis Co.*, No. 12-10685 MG, 2012 WL 1036071, at *6 (Bankr. S.D.N.Y. Mar. 27, 2012) (Glenn, J.), aff'd, 523 B.R. 423 (S.D.N.Y. 2014) .
*Simonds v. Simonds*, 380 N.E.2d 189, 194 (NY 1978).
*In re Enron Corp.*, 292 B.R. 752, 762 (Bankr. S.D.N.Y. 2003).
*Orlander v. Staples*, *Inc.*, 802 F.3d 289, 294 (2d Cir. 2015)
*Johnson v. Nextel Commc'ns*, *Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).
*Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co.*, N.A., 773 F.3d 110, 114 (2d Cir. 2014).
*See Jacobson v. Sassower,* 66 N.Y.2d 991, 993 (1985).
*See Register.com*, 356 F.3d at 403.
*Maverick Tube Corp.*, 595 F.3d at 466.
*Greenfield*, 98 N.Y. 2d.
ADV. PRO. NO. 22-_____ (MG) - 2

*Butko v. Ciccozzi*, 2021 WL 1608481.
*In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 430 (2d Cir. 1987).
*Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015).
22-10964-mg Doc 1652 Filed 12/09/22 Entered 12/09/22 08:34:25 Main Document Pg 3 of 153
*See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994).
*Baldwin County Welcome Center v. Brown.*
*Rabin v. Dep't of State.*
*Henry Platsky, Plaintiff-appellant, v. Central Intelligence Agency.*
*Conley v. Gibson*, 355 U.S. 41, 45 46 (1957).
*Hoodho v. Holder,* 558 F.3d 184, 191 (2d Cir. 2009).
*In re Flanagan*, 503 F.3d 171, 180 (2d Cir.2007).
I*n re Columbia Gas Systems, Inc*., 997 F.2d 1039, 1059 (3d Cir.1993).
*In re Edison Bros., Inc*., 243 B.R. 231, 235 (Bankr. D. Del. 2000).

# INTERPRETATION OF THIS ADVERSARY PROCEEDING

As I am a *Pro Se* filer, and I do not understand the law as well as a lawyer would, I ask that you do as The Supreme Court of The United States 2 said: "a *pro se* complaint, 'however inartful pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520 521, quoting *Conley v. Gibson*, 355 U.S. 41,45 46 (1957)." Rule 8 provides that "pleadings shall be so construed as to do substantial justice." As SCOTUS stated: "We frequently have stated that *pro se* pleadings are to be given a liberal construction. *Baldwin County Welcome Center v. Brown.*" SCOTUS also noted that *pro se* plaintiffs should be afforded "special solicitude." *Rabin* 2 To be referred to as "SCOTUS" from henceforth. 22-10964-mg Doc 1652 Filed 12/09/22 Entered 12/09/22 08:34:25 Main Document Pg 4 of 153 *v. Dep't of State*. Your Honor has the ability "liberally" construe my requests. I ask that if anything is in the wrong format, or cites the wrong federal code, etc, that Your Honor allows me to fix it, instead of dismissing this Adversary Proceeding. As SCOTUS said: "The district judge should have explain[ed] the correct form to the *pro se* plaintiff so that Owens could have amended his pleadings accordingly. Instead of simply dismissing the complaints for naming federal agencies as the defendants, it would have been appropriate for the district judge to explain the correct form to the pro se plaintiff so that Platsky could have amended his pleadings accordingly see *Henry Platsky, Plaintiff-appellant, v. Central Intelligence Agency*

[2] To be referred to as "SCOTUS" from henceforth.

# COMPLAINT FOR DECLARATORY JUDGMENT

ADV. PRO. NO. 22-_____ (MG) - 3

I, Fred M Shanks, ("Mr. Shanks", "I", "Me" and "Plaintiff"), bring this complaint against the debtors[3] and debtors in possession (collectively, the "Debtors", "They", "Them", "Celsius" and "Defendants") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and allege and state the following:

## SUMMARY OF ACTION

Celsius suddenly froze withdrawals/swaps/transfers and No longer allowed the use of their own Celsius Coin to pay on the interest on loans as of June 13th, 2022. **It should be noted that they did not announce any form of a limitation on account closures/freezes or use of their CEL coin to pay on loans or interest on said loans for which there was precedence of use and encouragements to use their CEL coin**.

On June 14th, 2022, Mr. Shanks initiated multiple attempts to NOT only resolve the margin call by contacting Celsius vice email and telephonically to address said issue For **Loan #163201** as shown by exhibit A&B, email traffic for which he wished to use his current coins within his accounts to close the loan. Instead, they Responded with "We would love to help out but I'm afraid your inquiry is not clear to us as your account is not frozen." For which was contradictory to the screen shot shown in exhibit A. Mr. Shanks then attempted to resolve the margin call by stating he wished to use his current coin balances to pay off the required interest and loan amount. Please refer to exhibit B for details in regards to said requirements. I gave explicit directions in regards to the closing of the loan with a response from a Celsius representative stating "Just let us know how you'd like to pay, and we will deduct the payment from your Celsiuswallet." After doing so they refused to do so.

Per Celsius own admission in their contract "You may terminate any loan to Celsius at any time, and request that Celsius return the borrowed Eligible Digital Assets and deliver any Rewards accrued from the Earn Service, by transferring such Eligible Digital Assets and Rewards to your external Virtual Wallet (in accordance with Section 11 "Withdrawals") or to the Custody Service, if available."

Celsius *blatantly* **violated** the terms of the contract and decided to pick and choose what parts of the contract they want to apply, which is **not** how contracts, or contract law, works. Such an *egregious* **material breach** of contract cannot be allowed to stand.

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

To further prove Mr. shanks's point, the Supreme Court ruled (Justice Scalia): "The **wrongful refusal** of a depository bank **to pay to the order of its customer is a breach of contract, but it is not the control of customer property**" *see Citizens Bank of Md. v. Strumpf*

ADV. PRO. NO. 22-_____ (MG) - 4

22-01190-mg    Doc 1    Filed 12/20/22    Entered 12/20/22 11:00:47    Main Document

139(1995). Celsius is not a bank, but it operated much in the same way, as the assets they held were those of Mr. Shanks who deposited them, which means that the refusal of a depository bank (in this case Celsius) **constitutes a breach of contract,** but the refusal to allow the withdrawal is not them asserting control over his property. Thus, in Justice Scalia's view, the deposit account (in this case the assets of Mr. Shanks) **is not property of the bankruptcy estate when the bank breaches its contract by repudiating its duty to honor checks/withdrawals or transfers**. This is *very* similar to what occurred when Celsius *not only* refused to honor the withdrawal or transfer (as it is required to by various laws, and the terms of service, since the terms of service allowing Celsius to restrict withdrawals were **terminated** after Mr. Shanks instructed Celsius to transfer from his account to pay for his loan), it simply a breach the contract by not allowing Mr. Shanks to utilize his funds based on the contractual agreement written by Celsius.

In New York State, "The elements of a cause of action for breach of contract are:
 (1) The formation of a contract between plaintiff and defendant.
 (2) The performance by plaintiff,
 (3) The **defendant's failure to perform**[142], [and]
 (4) The **resulting damage**." 2 Leon C. Lazer, et al., New York Pattern Jury Instructions– Civil § 4.1, at 594 (2d ed. 2006); *see JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 803, 893 N.Y.S.2d 237 (2d Dep't 2010); *Furia v. Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12,13 (2d Dep't 1986).

The first two points of the cause of action for a breach of contract are undisputable. The Defendant and Mr. Shanks **did** enter into a contract and *Mr. Shanks* **did** perform. The third part is disputed by the debtors, but it is quite clear that Celsius **did fail** to perform (because if they did perform, Mr. Shanks would not be a part of this bankruptcy). The **resulting damage is clear:** *if* Celsius fulfilled its contractual obligations, then Mr. Shanks's assets would have been transferred to pay for the loan and Mr. Shanks would have been able to transfer all remaining coins to his external wallet. If customer service could not process the withdrawal or transfer request *directly* to a "Custody" wallet, then, in the United States, in the state of Colorado (where Mr. Shanks was located at the time and is a resident of.

According to the Terms of Service (contract) section 11. Withdrawals: "Subject to these Terms, for any of your Eligible Digital Assets that you elect to utilize in the Earn Service (if available to you), you have a call option on all loans made to Celsius to demand immediate, complete or partial repayment of any loan at any time through (i) transfer to a Custody Wallet, if available to you, or (ii) a complete or partial withdrawal of Eligible Digital Assets at any time. Such repayment will terminate in whole or in part your loan to Celsius and you shall no longer accrue Rewards on the amount of loans as of the time of your exercise of the call option. Celsius initiates the withdrawal process immediately following a withdrawal request when possible; however, we may require up to three (3) days after you submit your withdrawal request to process the withdrawal."

ADV. PRO. NO. 22-_____ (MG) - 5

## RESERVATION OF RIGHTS

I reserve any and all rights, including but not limited to the right to amend this Adversary Proceeding. Nothing in this Adversary Proceedings is intended or should be construed as (a) an admission as to the validity of any claim against Mr. Shanks, (b) a waiver of Mr. Shanks's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Adversary Proceeding, or any cited documents or any order granting the relief requested by this Adversary Proceeding, (e) a waiver or limitation of Mr. Shanks' rights under the Bankruptcy Code or any other applicable law, or (f) a concession by Mr. Shanks that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Adversary Proceeding are valid, and Mr. Shanks expressly reserves his rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

## CONCLUSION

Once Celsius **materially breached** the contract it had signed with Mr. Shanks (on June 14 15th and 16th, 2022, among other dates), the Debtors were holding assets of the Plaintiff that they had no legal right/no legal title to hold, and yet they *continue* to hold *his* assets. *And even if* the contract was *not* **materially breached**, then the Debtors still do not have the right to have held, and continue to hold, Mr. Shanks's assets since it clearly and **unambiguously** states in the contract that after the account is closed, the contract (bar a few irrelevant provisions) terminates. Among the sections that terminate are the ones that allow Celsius to refuse Mr. Shanks to withdraw his own assets.

## REQUEST FOR RELIEF

1. Mr. Shanks requests that Your Honor rules that his assets are **not** a part of the estate as defined under section 541(d) of the Bankruptcy Code.

2. Mr. Shanks requests that Your Honor order the Debtors to compensate Mr. Shanks for the assets with either USD (for whatever the value of the assets is right before the check is written) + a 5% premium due to the high volatility of crypto and the various fees associated with repurchasing his assets or return the offset of coins based on the days value that Mr. Shanks request his loan to be closed

3. Mr. Shanks also requests that the Debtors be ordered to pay all of Mr. Shanks's Expenses incurred in the filing of this

4. Mr. Shanks Request that the value of the current price be used of Bit coin dated June 13th 2022 vs the sell price that Celsius used on June 18th 2022 and the offset value be returned to Mr. Shanks in the form of bit coin

ADV. PRO. NO. 22-_____ (MG) - 6

Dated this 19 of December, 2022.

                                                //Signed Fred M. Shanks
                                                Your Name

ADV. PRO. NO. 22-_____ (MG) - 7