Fred M. Shanks
389 Sedona Dr
Colorado Springs, CO 80921
Pro Se

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED M SHANKS, <br><br> Plaintiff, <br><br> vs. <br><br> CELSIUS NETWORK LLC, *ET AL.,1* <br><br> v. <br><br> CELSIUS NETWORK LLC; <br> CELSIUS KEYFI LLC; <br> CELSIUS LENDING LLC; <br> CELSIUS MINING LLC; <br> CELSIUS NETWORK INC.;) <br> CELSIUS NETWORK LIMITED; <br> CELSIUS NETWORKS LENDING LLC; <br> and CELSIUS US HOLDING LLC. <br><br> Defendants | Chapter 11 <br><br> Case No.: 22-10964 (MG) <br> (Jointly Administered.) <br><br> ADV. PRO. NO. 22-01190_ (MG) |

**NOTICE OF OBJECTION ON DEBTORS' MOTION TO DISMISS OF CLAIM NO. 22-01190 OF FRED M. SHANKS**

---

THE DEBTORS IN THESE CHAPTER 11 CASES, ALONG WITH THE LAST FOUR DIGITS OF EACH DEBTOR'S FEDERAL TAX IDENTIFICATION NUMBER, ARE: CELSIUS NETWORK LLC (2148); CELSIUS KEYFI LLC (4414); CELSIUS LENDING LLC (8417); CELSIUS MINING LLC (1387); CELSIUS NETWORK INC. (1219); CELSIUS NETWORK LIMITED (8554); CELSIUS NETWORKS LENDING LLC (3390); CELSIUS US HOLDING LLC (7956); GK8 LTD. (1209); GK8 UK LIMITED (0893); AND GK8 USA LLC (9450). THE LOCATION OF DEBTOR CELSIUS NETWORK LLC'S PRINCIPAL PLACE OF BUSINESS AND THE DEBTORS' SERVICE ADDRESS IN THESE CHAPTER 11 CASES IS 5THE 0 HARRISON STREET, SUITE 209F, HOBOKEN, NEW JERSEY 07030.

**PLEASE TAKE FURTHER NOTICE:** That the plaintiff has clearly presented detailed facts that **negates** the 12(b)(6) motion to dismiss defense, as the plaintiff clearly met the burden of proof of the four pillars of the requirements

1. Defendant owed to plaintiff a duty of care by allowing the plaintiff to utilize all aspects of the contract avenues to close the loan
2. Defendant breached that duty of care by refusing to allow all aspect of the contract avenues to be utilized to resolve the loan
3. Plaintiff suffered injuries by having the collateral liquidated and an administrative fee charged for liquidating the collateral and then approximately 60 days later allowing other customers in the exact same situation to be exempted from the requirements of liquidation by willfully, materially and intentionally violated the contract by changing how they addressed loan requirements without applying the process equitably to all the customers.
4. These injuries were the result of defendant's breach of duty by refusing to comply with 100 percent of the verbiage of the contract and putting the plaintiff under duress of impossibility and/or economic duress

**PLEASE TAKE FURTHER NOTICE:** Based on email traffic the defendant created a situation of putting the plaintiff under duress of impossibility and/or economic duress to resolve the loan by demanding that the only course of action was to fund the Custody account, by transferring new coins in from an external address or a wire transfer, to pay off the loan, which is counter intuitive when you have over 100k already in place and being constantly informed that, and I quote "Currently, withdrawals, swaps, and transfers between accounts have been stopped." Then how can you take any course of action to resolve an issue and why would you even attempt to send more funds when you already have the funds in place? And the possibility of any funds that you attempted to transfer in from an external source is perceived in the plaintiff's eyes as being at risk of being locked up in the custody account and not allowed to be transferred based on the defendant's constant canned response. The defendant clearly lost credibility and trust by the plaintiff based on their actions and constant avoidance of problem resolution.

**PLEASE TAKE FURTHER NOTICE:** Right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." *Studley* v. *Boylston Nat. Bank,* 229 U. S. 523, 528 (1913). This should have been the first course of action taken and was attempted by the plaintiff to pay off the loan with already established funds and presented to the defendant.

**PLEASE TAKE FURTHER NOTICE:** The defendant is now attempting to blend two separate issues into a single cookie cutter form of action for which the defendant was willing to only take action on one, the (Margin Call) but not the (Loan Pay Off) by manually transferring the required amount of BTC on their end with approval by the plaintiff from the established earned account. This is supported by email evidence sent by employee Kira Airy (Celsius Network)

**PLEASE TAKE FURTHER NOTICE:** all references to transferring any crypto from the earn account to the custody account with assistance from the defendant's employee Kira Airy (Celsius Network) was **ONLY** to full fill the Margin Call, which would NOT have closed out the loan but simply extended the loan leaving the plaintiff in the precarious situation of trying to figure out how to pay the interest monthly and paying off the loan. The plaintiff was clearly put into position of being under duress of impossibility and/or economic duress when trying to pay off the loan.

**PLEASE TAKE FURTHER NOTICE:** In not only the current Version 8 but all Versions of the contracts the Plaintiff has the option to close the loan at any time he/she chooses and is not dictated by one specific course of action on how the funds are put into place to cover the loan payoff but is afforded multiple avenues just as the plaintiff is

afforded multiple types of coins according to the contract that can be used to pay off the loan. To deviate from the contract and then impose only external sources or wire transfers and negating the other contract avenues as a form of choice with no modification to the contract and **NOT** allowing the Plaintiff the choice of accepting the new contract modification otherwise shows a course of action of a willfulness to materially and intentionally violates the contract.

**PLEASE TAKE FURTHER NOTICE:** If the defendant was willing to transfer coins from the Earn Account (manually on their part) with the plaintiffs' approval into the Custody Account from the earn account to cover the Margin Call while all accounts are and I quote **"Celsius may freeze, suspend or terminate your Celsius Account at any time in its sole discretion" "Currently, withdrawals, swaps, and transfers between accounts have been stopped."** then why couldn't the defendant accomplish the same process with transferring from the earn account to the custody account and Swap the coins to meet the contract requirement by either reversing the **freeze, suspension or termination of the Celsius Account at any time for which they had sole discretion to do so as they do have the power to accomplish this**, when brought to defendants attention they refused to do so which would have allowed the plaintiff to acquire the required coins to pay off the loan OR allow the plaintiff to utilize the swap process to meet the loan payoff requirement again by simply unfreezing the account for a limited time? This was presented to the defendant by the plaintiff as remediation choice. As the defendant was willing to take action to manually transfer the number of coins from one account to another account to bolster the margin call but refused to do so with the loan is a clear case of selective contract usage of the contract verbiage or in legal terms a willfulness to materially and intentionally violates the contract.

**PLEASE TAKE FURTHER NOTICE:** And **if** the Plaintiff did utilize the Margin Call which would have extended the loan it **would not** address the issue of having to pay on the interest every month based on the fact that interest is paid for by transferring the required crypto currency from the custody account to the loan account, all frozen by the defendant which was based on their choice. The defendant clearly put the plaintiff in a catch 22 quagmire, based on and I quote "Currently, withdrawals, swaps, and transfers between accounts have been stopped." "**Celsius may freeze, suspend or terminate your Celsius Account at any time in its sole discretion**," for which they did, However, at the time the defendant was still imposing actions on the plaintiff to perform or face liquidation. This was the dilemma that the Plaintiff was faced with. With so much on the line the plaintiff was painted into a corner of being under duress of impossibility and economic duress trying to resolve this issue by utilizing the limited resources available to him which was in the current earn account with the sum of a value over 100k dollars to pay off the loan and would eliminate the stress of figuring out how to cover the interest every month while having to deal with the canned response of "Currently, withdrawals, swaps, and transfers between accounts have been stopped.".

**PLEASE TAKE FURTHER NOTICE:** The defendant was informed in writing that should Celsius liquidate any of the assets without rectifying their imposed upon freeze of accounts, will make them liable for all legal and financial costs to replace the funds liquidated by Celsius LLC. And will accept all legal fees accrued to resolve this issue. The defendant opted to ignore this and can be proven via the email traffic. This interaction was clearly performed and ignored prior to the filing of the chapter 11 and a response was sent back via email chain by Nicoletta Koursari (Celsius Network) Jun 14, 2022, 14:41 UTC which was considered acknowledgment of receipt of the email addressing the issue of liability on the defendant's part.

**PLEASE TAKE FURTHER NOTICE:** On Aug 16, 2022 the defendant realized the fact that they created a cause of action of putting creditors under duress of impossibility and/or economic duress and posted on their FAQs "At this time, margin calls and liquidations have been paused, including for loans that reach maturity or where the loan-to-value ratio (LTV) exceeds the loan's liquidation threshold." However, the damage to the plaintiff had already occurred by the defendant by liquidating his collateral and charging the plaintiff with administrative fees.

**PLEASE TAKE FURTHER NOTICE:** It is clearly in the Version 8 of the Terms of Use ("Terms of Use Version 8") as the defendant is continuously leveraging it to their advantage throughout these proceeding, the choice of the plaintiff as to when they chose to pay off the loan and where the funds come from, this is **NOT** the defendant's choice. To Not allow the plaintiff the right to exercise that aspect of the contract is willfully, materially and intentionally violating the contract.

**PLEASE TAKE FURTHER NOTICE:** Section 4.A states, in capitalized, bold lettering, in relevant part: "Celsius may restrict services in certain jurisdictions due to applicable laws, regulations, and business considerations, at its sole discretion." Terms of Use Version 8 § 4.A, This DID/DOES NOT apply to the state of Colorado at the time as can be seen by all the purchases and loan origination details and based on Know Your Customer (KYC) that is part of the defendants' requirements and validation process. So, referencing this portion of the contract has no relevance, as this is just another cookie cutter approach to justify inappropriate actions. This again shows contract enforcement when it benefits the defendant supporting willfulness and intentional behavior to protect the defendant even when they make a mistake.

**PLEASE TAKE FURTHER NOTICE:** The defendants employee Kira Airy (Celsius Network) Jun 16, 2022, 12:03 UTC was confused as to the actions being requested by the plaintiff and I quote "My apologies, please decline the transfer". Which was intended only for the Margin and acknowledged by the employee and was not intended to be used for the loan once she realized it and responded with the only processes that the defendant was willing to allow for paying off the loan which was not all of the avenues in the contract. When she was brought up to speed, she then recanted on all actions being requested in order to pay off the loan, as shown by email traffic and then utilized the canned phrase "Currently, withdrawals, swaps, and transfers between accounts have been stopped."

**PLEASE TAKE FURTHER NOTICE:** Clearly based on the written email facts, when put into proper context, the defendant clearly materially, willfully and intentionally violated the contract between the two parties by refusing to leverage all parts of the contract vs just those that benefitted by the defendant at the time of occurrence.

**PLEASE TAKE FURTHER NOTICE:** that all of these actions took place 30 days prior to the defendant even filing for chapter 11 restructuring and could have been avoided if the defendant had adhered to 100 percent of the written words in the contract.

## RESERVATION OF RIGHTS

I reserve any and all rights, including but not limited to the right to amend this Adversary Proceeding. Nothing in this Adversary Proceedings is intended or should be construed as (a) an admission as to the validity of any claim against Mr. Shanks, (b) a waiver of Mr. Shanks's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Adversary Proceeding, or any cited documents or any order granting the relief requested by this Adversary Proceeding, (e) a waiver or limitation of Mr. Shanks' rights under the Bankruptcy Code or any other applicable law, or (f) a concession by Mr. Shanks that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Adversary Proceeding are valid, and Mr. Shanks expressly reserves his rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

/s/ Fred M. Shanks

Exhibit A
Proposed order

|  |  |
|---|---|
| FRED M SHANKS, | |
| Plaintiff, | |
| vs. | Chapter 11 |
| CELSIUS NETWORK LLC, *ET AL.,*1 | Case No.: 22-10964 (MG) |
| v. | (Jointly Administered.) |
| CELSIUS NETWORK LLC;<br>CELSIUS KEYFI LLC;<br>CELSIUS LENDING LLC;<br>CELSIUS MINING LLC;<br>CELSIUS NETWORK INC.;)<br>CELSIUS NETWORK LIMITED;<br>CELSIUS NETWORKS LENDING LLC;<br>and CELSIUS US HOLDING LLC. | ADV. PRO. NO. 22-01190_ (MG) |
| Defendants | |

**ORDER OF OBJECTION ON DEBTORS'
MOTION TO DISMISS**

Upon the motion (the "Motion")² of the above-caption debtors an debtor(s) in possession (collectively, the "Debtors") for entry of an order (this "Order") dismissing the Motion to Dismiss as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District court for the Southern District of New York, dated February 1, 2012, and the Court having found this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined in this Order have the meanings given to such terms in the Motion.

§ 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested by the Plaintiff in the Motion to Dismiss the Objection to Dismiss is in the best interests of the Plaintiff; and the Court having found that the Plaintiff provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted to the Plaintiff herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefore, it is HEREBY ORDERED THAT:

1. The Plaintiff's Motion to Dismiss is granted as set forth herein.
2. Plaintiff is Awarded access to all Remaining Crypto in both Earn and Custody accounts and is be given access with 72 hours of signing this order
3. Administrative fee be returned in BTC to the Plaintiff
4. Value of the difference in the current Crypto Value be returned to Custody account vs what Plaintiff was charged on day of liquidation
5. Defendant to pay all Gas Fees to transfer out of Celsius Wallet
6. Cash Value of all Cel coins still remaining in account to be paid to the Plaintiff

New York, New York

Dated: _____, 2023                              THE HONORABLE MARTIN GLENN

                                                                            CHIEF UNITED STATES BANKRUPTCY JUDGE