| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:   (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:   (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered) |
| FRED M. SHANKS, | ) |
| Plaintiff, | ) Adversary Proceeding No. 22-01190 (MG) |
| v. | ) |
| CELSIUS NETWORK LLC, *et al.*; | ) |
| Defendants. | ) |

**DEBTORS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

# INTRODUCTION[1]

1. Plaintiff's Objection to the Debtors' Motion to Dismiss (the "Objection") fails to rebut the Debtors' arguments in favor of dismissal of the Second Amended Complaint. Rather, the Objection simply rehashes arguments made by other adversary complainants that the "law of the case" does not apply here because the Earn Order does not cover Plaintiff's specific circumstances. Plaintiff's Objection reflects a fundamental misunderstanding of the scope of the Earn Order and the "law of the case" doctrine. Recognizing that Plaintiff thinks his circumstances are "unique," in the end, his argument boils down to the claim that his assets should not have been in the "Earn" program. That is an individualized contract defense that, under the Earn Order, should be resolved later through the claims process. Furthermore, the Objection abandons all of Plaintiff's non-contractual claims by failing to address, or even acknowledge, the Debtors' arguments thereto. Finally, Plaintiff's arguments in support of his breach claim continue to be unavailing.

2. For the reasons stated below and articulated in the Debtors' Motion to Dismiss, Plaintiff's adversary case should be dismissed in its entirety with prejudice.

# ARGUMENT

## I. The Earn Order Requires that Plaintiff Submit His Claims Through the Claims Allowance Process.

3. Plaintiff's Objection focuses almost exclusively on the alleged inapplicability of the Earn Order. *See* Obj. at 11–15. Plaintiff's conception of the "law of the case" doctrine and the scope of the Earn Order is improperly narrow. Under the "law of the case," "a decision on an

---

[1] Capitalized terms used but not defined in this Reply have the meanings given to such terms in the *Debtors' Motion to Dismiss the Second Amended Complaint and Incorporated Memorandum of Law* [Adv. Pro. No. 22-01190, Dkt. No. 27] (the "Motion to Dismiss").

issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991). The doctrine can apply any time a prior decision "either expressly resolved an issue or necessarily resolved it by implication." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001). Thus, contrary to Plaintiff's assertions, the "law of the case" doctrine can apply where a prior decision resolved an issue of law, even if subsequent applications involve different facts. *Cf. In re Motors Liquidation Co.*, 585 B.R. 708, 725 (Bankr. S.D.N.Y. 2018) (Glenn, J.).

4.    Plaintiff strenuously argues that his individual factual circumstances are distinct from prior decisions in which the Court dismissed claims pursuant to the Earn Order. This misses the point. While Plaintiff's individual circumstances related to his Earn Account may be distinct, the preclusive effect of the Earn Order applies. The basic fact remains that Plaintiff, like all Earn Account holders, holds a claim against the Debtors for the assets remaining in his Earn Account as of the Petition Date.[2] And to the extent Plaintiff asserts any additional damages claims related to those assets, including any claims that would allegedly grant him a right to recover more than other similarly situated creditors, those claims must be brought through the claims administration process. That is what equity and the Earn Order require.

## II.    Plaintiff Has Abandoned All Non-Contractual Causes of Action

5.    Plaintiff has abandoned his non-contractual causes of action, including constructive trust, unjust enrichment, deceptive trade practices, consumer fraud, and fraudulent misrepresentation.

---

[2] Plaintiff's Objection also notes an unidentified quantum of collateral not liquidated as a result of Plaintiff's failure to satisfy the margin call on his retail loan that was deposited into Plaintiff's Custody Account. Obj. at 14. Plaintiff causes of action in the Second Amended Complaint ostensibly do relate to these assets, which Plaintiff has not previously alleged in his pleadings. Regardless, Plaintiff is entitled to withdraw these assets under the Custody Settlement Order. *See Notice of Revised Schedule of Custody Users Entitled to Withdraw Certain Assets* [Case No. 22-10964, Dkt. No. 2491] at 1128.

6. *First*, Plaintiff explicitly waived his deceptive trade practices, consumer fraud, and fraudulent misrepresentation claims. *See* Obj. at 11 ("Plaintiff is willing to waive the issue of deceptive trade practices, consumer fraud, and fraudulent misrepresentation at this time ….").

7. *Second*, Plaintiff has also abandoned his constructive trust and unjust enrichment claims by failing to address them in his reply. "It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim." *McGee v. McGready*, 2019 WL 6341290, at *3 n.4 (S.D.N.Y. Nov. 26, 2019); *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 46 n.1 (2d Cir. 2018) ("We affirm the District Court's dismissal of [*pro se* plaintiff's fraud and fraudulent concealment] claims on the ground that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss.").

8. By failing to reply to the Debtors' arguments here, Plaintiff has abandoned his constructive trust and unjust enrichment claims by failing to address the Debtors' arguments against those claims or even reference those claims at all. In any event, because Plaintiff has not replied to the Debtors' original arguments on these issues, there is nothing further to address on these claims, and the Debtors rest on the arguments articulated in their Motion to Dismiss.

III. **Plaintiff Has Not Stated a Plausible Breach of Contract Claim**

9. Setting aside the law of the case doctrine, Plaintiff's reply fails to rebut the Debtors' arguments to dismiss his breach of contract claim. That claim alleges that the Debtors breached the Terms of Use when they prevented him from utilizing the swap feature to pay off his retail loan. In his Opposition, Plaintiff cites several sections of the Terms of Use as purported support for the proposition that the contract allowed him to satisfy his loan obligation with assets frozen in his Earn Account. Plaintiff at no time refutes that the Terms of Use clearly and unambiguously, in several sections, grant the Debtors the right to freeze, suspend, or terminate Celsius Accounts

3

or services, including the Swap Service. *See* Obj. at 9. Instead, Plaintiff argues that these sections either did not apply to him or were superseded by other sections. *Id.* at 10.

10. Plaintiff's arguments are unavailing. "A contract should be read to give effect to all of its provisions and to render the provisions consistent with each other." *Local 205, Emps. Union v. Day Care Council*, 992 F. Supp. 388, 392 (S.D.N.Y. 1998). Sections 4.A, 19.A, and 11 clearly and unambiguously granted the Debtors the right to freeze or suspend an account or services. Plaintiff's repeated references to Section 4.E—related to the Borrow Accounts—and Section 9—related to setoff rights—do nothing to negate that fact. The Second Amended Complaint fails to plead any conduct constituting a breach of the Terms of Use and that claim must be dismissed.

## **CONCLUSION**

11. For the foregoing reasons, and for the reasons stated in the Debtors' Motion to Dismiss, the Court should dismiss the Second Amended Complaint as to all Debtors.

*[remainder of page intentionally left blank]*

<table>
<tr><td>Washington, D.C.<br>Dated: July 14, 2023</td><td>/s/ T.J. McCarrick<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Judson Brown, P.C. (admitted *pro hac vice*)<br>T.J. McCarrick (admitted *pro hac vice*)<br>Grace C. Brier (admitted *pro hac vice*)<br>Leah Hamlin (admitted *pro hac vice*)<br>1301 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br>Telephone:     (202) 389-5000<br>Facsimile:     (202) 389-5200<br>Email:           judson.brown@kirkland.com<br>                     tj.mccarrick@kirkland.com<br>                     grace.brier@kirkland.com<br>                     leah.hamlin@kirkland.com<br><br>- and -<br><br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:           joshua.sussberg@kirkland.com<br><br>- and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession*</td></tr>
</table>

5